IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BELLANCA WILSON | § | |
| | § | |
| V. | § | A-17-CV-567-RP |
| | § | |
| NEIGHBORHOOD CENTERS, INC. | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court are: Plaintiff Bellanca Wilson's Complaint (Dkt. No. 2); and Application to Proceed *In Forma Pauperis* (Dkt. No. 3). The District Court referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Wilson's Application to Proceed *In Forma Pauperis*, the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Wilson *in forma pauperis* status and **ORDERS** her Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Wilson is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Wilson's Complaint and is recommending her claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendant should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendant.

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Wilson has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial

plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Wilson has filed this suit against her former employer, Neighborhood Centers, Inc., where she was employed from March 2015 until she was terminated on May 20, 2015. Wilson is black and asserts that she was terminated because of her race and in retaliation for her complaints of discrimination, in violation of 42 U.S.C. § 1981 and the Texas Commission in Human Rights Act.

Wilson previously filed suit in this Court based upon these same facts under Title VII of the Civil Rights Act of 1964. *Wilson v. Neighborhood Care Ctrs., Inc.*, Civ. No. 1:16-CV-1055-RP (W.D. Tex. 2016). In that case, Wilson represented that she filed a charge with the Equal Employment Opportunity Commission and attached a copy of the right-to-sue letter mailed on March 29, 2016. Wilson filed suit on September 12, 2016. The Court dismissed the suit, finding Wilson had failed to file her civil suit within ninety days of receipt of a right-to-sue-letter, as required. 42 U.S.C. § 2000e–5(f)(1) (Title VII claims); *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149–50 (1984). In this suit, Wilson brings the same claims but now alleges them under different statutes—42 U.S.C. § 1981 and the Texas Commission in Human Rights Act. The Court finds that Wilson's claims should again be dismissed.

3

First, Wilson's claims are barred by res judicata. The doctrine of res judicata bars the relitigation of claims that were, or could have been, raised in a prior action. *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313–14 (5th Cir. 2004). Res judicata bars a claim if the following four elements are met: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.*" Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In this case, all elements of res judicata are met as Wilson could have brought any section 1981 or TCHRA claim in her prior suit. Second, Wilson's 42 U.S.C. § 1981 is time-barred. "[W]here a section 1981 claim is brought in Texas, the two-year statute of limitations for personal injury actions in Texas controls." *Jones v. ALCOA, Inc.*, 339 F.3d 359, 364 (5th Cir.2003). Wilson was terminated on May 20, 2015. She brought this suit on June 12, 2017. Thus, her section 1981 claims are properly dismissed as outside the statute of limitations.

Similarly, Wilson's TCHRA claim fails. The TCHRA also prohibits discriminatory employment practices. TEX. LAB. CODE ANN. § 21.001 (West 2006). Before suing an employer under the TCHRA, an aggrieved employee must first exhaust his administrative remedies by filing a complaint with the TWC "not later than the 180th day after the date the alleged unlawful employment practice occurred." TEX. LAB. CODE ANN. § 21.202(a); *see also Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex. 1991), overruled on other grounds by *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299 (Tex. 2010). This 180-day time limit is "mandatory and jurisdictional." *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996); *Schroeder*, 813 S.W.2d at 486-88. In other words, a plaintiff's failure to file a complaint within the 180-day period is a

4

failure to exhaust administrative remedies that deprives the court of subject matter jurisdiction. *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 514 (Tex. 2012). Because § 21.202(a) is "mandatory and jurisdictional," the burden of establishing compliance with the statute is on the plaintiff. *See, e.g., Sanchez v. Kennedy*, 202 S.W.3d 857, 859 (Tex. App. 2006, no pet.) ("The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject-matter jurisdiction." (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993))).

Wilson has failed to plead that she filed a charge alleging discrimination pursuant to the TCHRA with the TWC within the proper 180 day time period. In light of the fact that Wilson failed to bring any TCHRA claim in her prior suit filed over ten months ago, which was based upon the exact same facts as this suit, and this claim is barred by res judicata, the Court finds any TCHRA claim Wilson might bring is jurisdictionally barred for failure to exhaust her administrative remedies. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.").

Accordingly, Wilson's race discrimination and retaliation claims against Neighborhood Centers, Inc., should be dismissed.

### III. ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Wilson *in forma pauperis* status. Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** this cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DENY** any other pending motion as moot.

5

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 14th day of June, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE